**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-1854**

─────────────

XIANG LING PENG,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

─────────────

**No. 04-2537**

─────────────

XIANG LING PENG,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

─────────────

On Petitions for Review of Orders of the Board of Immigration
Appeals. (A96-100-859)

─────────────

Submitted: June 8, 2005          Decided: July 12, 2005

─────────────

Before MICHAEL and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Petitions denied by unpublished per curiam opinion.

———————

Bruno Joseph Bembi, Hempstead, New York, for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Terri J. Scadron, Assistant Director, Hillel R. Smith, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated petitions for review, Xiang Ling Peng, a native and citizen of the People's Republic of China, petitions for review of two separate orders of the Board of Immigration Appeals: (1) affirming, without opinion, the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture; and (2) denying her motion to reopen.

Peng first challenges the immigration judge's determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Peng fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the immigration judge's denial of Peng's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378

- 3 -

F.3d 361, 367 (4th Cir. 2004). Because Peng fails to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the immigration judge's finding that Peng fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2005). We find that Peng failed to make the requisite showing before the immigration court.

Peng also claims that the immigration judge refused to allow her sufficient time to present testimony in violation of her rights to due process. Our review of the record reveals that Peng was given the option to continue her case in order to present additional testimony but declined. Under these circumstances, we cannot conclude that Peng was denied due process of law.

Finally, Peng claims that the Board abused its discretion in denying her motion to reopen. We have reviewed the administrative record and the Board's decision and find no abuse of discretion in its denial of the motion to reopen. 8 C.F.R. § 1003.2(a) (2005); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Yanez-Popp v. INS, 998 F.2d 231, 234 (4th Cir. 1993).

Accordingly, we deny the petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED